Ross v. Mead et al.

WILLIAM ROSS, plaintiff in error, v. EDWARD MEAD *et al.*, defendants in error.

*Error to Pike.*

It is only upon the ground of fraud, or that some one may have been prejudiced by a sale of real estate *en masse*, that the sale will be set aside in Equity because the property was not sold in separate parcels.

A party entitled to redeem from a sale must avail himself of the right within the time prescribed by law.

BILL IN CHANCERY, in the Pike Circuit Court, filed by the plaintiff in error against the defendants in error, to set aside a sale of lands, for a partition, &c. The cause was heard before the Hon. Norman H. Purple, at the August term, 1847, and it appearing from the report of the Commissioners appointed by the Court that the lands were not susceptible of division, a sale was ordered, &c.

So much of the bill as is necessary to a proper understanding of the case is briefly referred to in the Opinion of the Court.

*W. Thomas,* for the plaintiff in error.

*O. H. Browning & N. Bushnell,* for the defendants in error.

The Opinion of the Court was delivered by

TRUMBULL, J. Ross filed his bill in Chancery for the purpose of setting aside a sale of certain tracts of land and town lots made under an execution in favor of the defendants, Mead & Adriance, and against one James Davis, and to discharge said real estate from the lien of said judgment, or if that could not be done for partition of said real estate and that the interest of said Davis, after being set off, might be sold to satisfy the judgment, and claiming the right to redeem as the grantee of the defendant in execution. The Circuit Court dismissed so much of the bill as prayed to have the sale set aside, and decided that the purchaser, the said Mead, was entitled to hold under his purchase the interest of the said Davis, being one sixth part of the tracts and lots of land sold, appointed Commissioners to make partition of the lands and upon the coming in of their report that they were not susceptible of division, directed them to be sold and refused the complainant liberty to redeem.

The complainant has brought the case to this Court and has assigned various errors for a reversal of the decree, only two of which are, however, relied upon.

*First,* that the town lots were sold *en masse,* and not separately; and,

*Secondly,* that the complainant should have been allowed to redeem upon the coming in of the report of the Commissioners that the property was not susceptible of division.

In support of the first point, the cases of *Day* v. *Graham,* reported in 1 Gilm. 435, and that of *Graham* v. *Day,* 4 do. 389, are much relied upon, but, upon examination, those cases will be found to be widely different from this. In the case of Day, seven hundred and twenty acres of land lying in eight distinct parcels, as many different sections, five different townships, four different ranges and four lots in the town of Ottawa, of the value of four thousand dollars, were all sold *en masse* for fifty dollars and sixty two cents. The sale was complained of as being a sacrifice to the prejudice of the defendant in execution and his creditors, who had bid nearly four thousand dollars for a portion of the same property, and was set aside for irregularity. In this case the record shows

that the tracts of land were sold in separate parcels, and it is only by inference from recitals in the answer of Mead, that it is shown that a town had been laid off upon any portion of the land, or that the lots were sold *en masse.* Neither the execution nor the return thereon, nor any other evidence is contained in the record to show how the sale was made, or how much was given for the tract upon which the town was situate, nor is it pretended in the bill that it was not sold for a fair price. The interest of the defendant in execution was only one undivided sixth part of the town lots, and it may have been the best for all parties that such an interest should have been sold all together. It is not to be presumed that a fraud has been committed or the interests of any one prejudiced by the sale of an undivided sixth part of a town but recently laid out, particularly when there is no allegation in the bill even, either as to what the interest sold for, or its value.

It is only upon the ground of fraud, or that some one may have been prejudiced by a sale of real estate *en masse,* that the sale will be set aside in Equity, because the property was not sold in separate parcels,—and as there is no complaint or pretence of any thing of the kind in this case, the Circuit Court properly refused to set aside the sale.

The refusal to allow complainant to redeem at the time he offered to do so was also correct. At the time of the filing of the bill, his right to redeem as the grantee of the defendant in execution was undoubted, the twelve months not being then expired ; but it was not till after the coming in of the report that the property was not susceptible of division, and long after the time allowed by law to redeem had expired that he offered to do so, and the Court at that time very properly held that he was not entitled to redeem.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed.*